UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Deutsche Bank National Trust Co.** | ) | **CASE NO. 1:06 CV 1100** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Angela Kane, et al.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon Motion for Summary Judgment and Decree in Foreclosure (Doc. 22). This is a foreclosure action. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

**FACTS**

Plaintiff, Deutsche Bank National Trust Company, filed this action against defendants, Angela Kane (hereafter "Angela Kane" or "Kane"), Lorenzo Kane and the State of Ohio Bureau

1

of Workers Compensation.[1] The facts of this case are largely undisputed. Plaintiff is the holder of a promissory note secured by a mortgage on property owned by defendant Angela Kane.[2]

Angela Kane became delinquent in her loan payments and entered into two separate forbearance agreements with the entity servicing the mortgage. During the term of the second forbearance agreement, Lorenzo Kane sought and received financial assistance from the United States Veteran Administration (hereafter "VA"). According to the affidavit submitted by Angela Kane, the VA submitted a check in the amount of $1425.00 directly to the entity servicing the mortgage to partly cover the payment for May of 2005. Kane was responsible for paying the remaining $285.61 herself. Although the check was received and cashed by the servicer, Kane's account was not credited. She avers that the servicer told her not to remit any remaining payments until such time as the VA payment was credited to her account. Shortly thereafter, however, Kane nonetheless remitted the $285.61. Kane does not dispute that she has not made any loan payments since early June of 2005, although the payment history submitted by plaintiff indicates that the VA subsequently made payments totaling $5700.00. These payments are not sufficient to cover the delinquencies. A notice of default was issued on February 2, 2006, and this lawsuit was filed on May 4, 2006. Plaintiff moves for summary judgment in its favor and seeks an order of foreclosure. Defendant Angela Kane opposes the motion.

### STANDARD OF REVIEW

---

[1] Defendant Lorenzo Kane did not file an answer or otherwise respond to plaintiff's complaint. As such, a default judgment was entered against this defendant.

[2] It is not clear whether the deed is in the name of Angela or both of the Kanes. The note is signed only by Angela Kane. Regardless, as set forth above, Lorenzo Kane did not appear in this action.

In accordance with Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *LaPointe v. United Autoworkers Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323. A fact is material only if its resolution might affect the outcome of the lawsuit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party pursuant to Federal Rule of Civil Procedure 56(e), which provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

In ruling upon the motion, the court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995); *United States v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir. 1985). However, summary judgment should be granted if the party bearing the burden of proof at trial does not establish an essential element of its case. *Tolton v. American*

*Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. 317).

### **ANALYSIS**

There is no dispute that defendant Kane is in default under the terms of the note and mortgage. Rather, the parties dispute whether the default can form the basis of plaintiff's foreclosure action. According to defendant Kane, the servicer failed to properly credit the May 2005 payment submitted by the VA. Kane avers that, but for the failure, her mortgage would not be in default. Upon review, the Court finds that plaintiff is entitled to summary judgment on the issue of liability. Under the clear and unambiguous terms of the mortgage and note, defendant Kane is obligated to make monthly payments in order to avoid default. In the event she fails in this regard, the mortgage provides plaintiff with a right to accelerate the mortgage and demand immediate payment. Even assuming defendant Kane's account was not properly credited with the May 2005 VA payment, the Court finds that the failure to credit the account does not excuse the future payments Kane failed to make. This case does not center around this one payment. Rather, notice of default was not sent until many months later, and only after defendant Kane failed to make several additional mortgage payments. Given that defendant Kane does not dispute that she failed to make several payments notwithstanding the May 2005 VA payment, the Court finds that plaintiff is entitled to summary judgment as to liability.

With regard to damages, however, the Court notes that defendant Kane submits evidence that the $1425.00 VA check was cashed, but not credited to her account. Plaintiff submits no evidence in response. As such, the Court finds that plaintiff is not entitled to collect this payment, or any late fees or interest associated therewith. Accordingly, plaintiff must submit a revised payment history, along with a renewed motion for a decree in foreclosure before a

foreclosure sale will be permitted.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.


                                         /s/ Patricia A. Gaughan
                                         PATRICIA A. GAUGHAN
                                         United States District Judge


Dated: 10/13/06